# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1433V
### Filed: July 27, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| M.J.P., by her Parents and Natural Guardians, DWAN PETTI and ANTHONY PETTI, | * <br> * <br> * <br> * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * <br> * |
| | * |
| Respondent. | * <br> * |

Damages Decision Based on Proffer;
Hepatitis A; HPV;
Syncope;
Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * *

*Clifford Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.*
*Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 30, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that their daughter M.J.P. passed out and fell as a result of receiving her February 18, 2015 Hepatitis A and HPV vaccinations, resulting in dental injuries. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 5, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for vaccine-related syncope. On July 26, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$100,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioners, Dwan Petti and Anthony Petti, as guardians/conservators of M.J.P.'s estate.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

M.J.P., by her Parents and Natural )
Guardians, DWAN PETTI and ANTHONY )
PETTI, )
)
           Petitioners, )
)
v. ) No. 15-1433V
) Ch. Special Master Dorsey
) ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
           Respondent. )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.      Compensation for Vaccine Injury-Related Items

On April 5, 2016, the Chief Special Master issued a Ruling on Entitlement determining that petitioners were entitled to vaccine compensation for dental injuries suffered by their daughter, M.J.P., associated with an episode of syncope following receipt of Hepatitis A and HPV vaccinations on February 18, 2015. Respondent proffers that, based on the evidence of record, petitioners should be awarded $100,000.00. This amount represents all elements of compensation to which petitioners would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioners should be made through a lump sum payment as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of $100,000.00 in the form of a check payable to petitioners, Dwan Petti and Anthony Petti, as guardians/conservators of M.J.P.'s estate. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioners would be entitled.

> No payments shall be made until petitioners provide respondent with documentation

establishing that they have been appointed as the guardians/conservators of M.J.P.'s estate.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

---

[1] Should M.J.P. die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

/s/ Michael P. Milmoe
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:   (202) 616-4125
Fax:       (202) 616-4310

Dated:  July 26, 2016